UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIUS CORNELL MURRAY | CIVIL ACTION |
| VERSUS | NO. 17-2973 |
| KEITH LUCASCIO ET AL. | SECTION "N" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Julius Cornell Murray, is a pretrial detainee currently incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. Murray filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Jefferson Parish Sheriff's Officers, Sgt. Keith Lucascio, and Detectives Steven Abadie and William Meetze. Murray's complaint alleges that he was improperly arrested on false charges that remain pending. Record Doc. No. 1 (Complaint).

Plaintiff's complaint alleges that he was falsely arrested by defendants at a Metairie, Louisiana hotel on April 6, 2016, in connection with "an undercover vice operation for prostitution." Plaintiff further states:

> "A]ll this was . . . done without a search warrant or arrest warrant. They didn't even knock and announce as they should in a lawful arrest. The maid knocked, who is who I think they obtained the key from. I didn't answer, and then they entered without my consent. They illegally searched and seized me and my heroin." . . . .
> "This case has been assigned to 24th Judicial District Court, Division "K", Docket No. 16-2054. A woman Judge by the name of Mrs. Kovach is presiding. . . . And on March 24, 2017 my motion to suppress hearing on grounds of illegal search [and] seizure was finally heard. . . . Search warrants were not obtained until April 8, 2016 two days after my arrest at which point Detective William Meetze filed an affidavit for search and

seizure warrants with Judge Paul Schneider for the items that were seized April 6, 2016." . . . .

On June 6, 2016 the 24th Judicial District Court filed a Bill of Information charging me with two counts of pandering." . . . .

I've been incarcerated for a year . . . ."

. . . . The motion to suppress was also denied. On April 29, 2017,[1] I filed a pro-se motion for speedy trial and/or final disposition!"

Id., Complaint at ¶ IV, pp. 4-10.

Murray seeks "justice and $500,000.00 for the pain and suffering . . . due to this unlawful arrest. . . . I want compensation for the time I have been incarcerated, and dismissal on all charges." Id., Complaint at ¶ V, p. 10.

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Lee v. Hennigan, 98 F. App'x 286, 287 (5th Cir. 2004) (citing Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998)); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589 F. App'x 950 (11th Cir. 2014). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28

---

[1] Although plaintiff states that his motion for a speedy trial was filed on April 29, 2017, this date is clearly inaccurate based on the April 10, 2017 filing date of his complaint in this matter.

2

U.S.C. § 1915A(b)(1); Lewis v. Charlotte Corr. Inst. Emps., 589 F. App'x 950, 952 (11th Cir. 2014); Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore, 976 F.2d at 269. A prisoner's in forma pauperis

3

complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1).

In this case, plaintiff's Section 1983 claims must be dismissed under 28 U.S.C. § 1915(A)(b)(1) either as legally frivolous or under Rule 12(b)(6) because they are barred under applicable United States Supreme Court law.[2]

## II. HECK BARS SECTION 1983 CLAIMS

Murray claims that he was falsely arrested without a warrant and after an illegal search and seizure. The resulting criminal charges remain pending against him. All such claims must be dismissed at this time under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages

---

[2] The court must "liberally construe briefs of <u>pro se</u> litigants and apply less stringent standards to parties proceeding <u>pro se</u> than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

4

> in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in Heck concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied Heck in cases in which the plaintiff seeks injunctive relief. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Murray's claims are clearly connected to the validity of his present confinement as a pretrial detainee. Heck, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); Ruiz v. Hofbauer, 325 F. App'x 427, 431 (6th Cir. 2009), cert. denied, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with 'Brady exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold it from plaintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294

5

F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Penley v. Collin County, 446 F.3d 572, 573 (5th Cir. 2006) ("To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned.").

Murray alleges that he is currently a pretrial detainee awaiting further proceedings on the same charges that are the basis of his false arrest claim in this case, in which he seeks to have those criminal charges dismissed. His complaint indicates that he was arrested on April 6, 2016, and that at the time of filing this complaint, he remained in custody at the Jefferson Parish Correctional Center pursuant to the subject charges. Murray's confinement has not been set aside in any of the ways described in Heck. On the contrary, plaintiff states in his complaint that the charges against him remain pending.

Thus, any claims for relief that Murray asserts, challenging his arrest, pending charges and continuing confinement, are barred and must be dismissed under Heck. As the Fifth Circuit has noted, the dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's Section 1983 complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), or pursuant to Heck.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this __28th__ day of April, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.